UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEAN-DENIS JEAN-EWOLL,

        Plaintiff,

v.                             Case No. 3:17-cv-938-J-34JBT

LT. WAYMAN TATE
AND JULIAN AVILES,

        Defendants.

**ORDER**

**I. Status**

Plaintiff Jean-Denis Jean-Ewoll, an inmate of the Florida penal system, initiated this action on August 16, 2017, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) pursuant to 42 U.S.C. § 1983. In the Complaint, Jean-Ewoll names the following Defendants: (1) Sergeant Tate; (2) Sergeant Robinson; (3) Sergeant Trent; and (4) Dr. Julian Aviles,[1] M.D.[2] He asserts that Defendant

---

[1] See Order (Doc. 28) (directing the Clerk to correct Defendant's name to "Julian Aviles").

[2] The Court dismissed Jean-Ewoll's claims against Defendants Robinson and Trent on May 31, 2018. See Order (Doc. 31).

Tate deprived him of meals and running water while he was housed on self-harm observation status (SHOS) at Union Correctional Institution (UCI), and Defendant Aviles denied him proper medical treatment. He seeks compensatory and punitive damages as well as declaratory and injunctive relief.

This matter is before the Court on Defendant Tate's Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted (Tate Motion; Doc. 32) and Defendant Aviles' Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted (Aviles Motion; Doc. 33). The Court advised Jean-Ewoll that granting a motion to dismiss would be an adjudication of the case that could foreclose subsequent litigation on the matter, and gave him an opportunity to respond. See Orders (Docs. 5, 34, 36, 39). Plaintiff filed responses in opposition to the motions. See Response to Defendants Tate and Aviles' Motions to Dismiss - Part I (Response; Doc. 40); Response to Defendants Tate and Aviles' Motions to Dismiss - Part II (Response II; Doc. 41). Defendants' motions are ripe for review.

## II. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In

addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[3] (quoting GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 706).

---

[3] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

## III. Complaint[4]

Jean-Ewoll asserts that Defendant Tate deprived him of "all meals" while he was housed in UCI's SHOS from September 16, 2013, through October 4, 2013. Complaint at 7. He describes "an unofficial policy" where officers used starvation "as a cruel tactic to force" prisoners off SHOS. Id. Additionally, he states that Tate deprived him of running water "at one point" during the relevant time period. Id. Jean-Ewoll avers that Defendant Aviles disregarded the urgent nature of his resulting medical needs and failed to schedule him for an appointment with an "outside" physician who could provide "specialized treatment or evaluation." Id.

## IV. Summary of the Arguments

In the motions,[5] Defendants maintain that Jean-Ewoll's requests for declaratory and injunctive relief are improper, see Tate Motion at 4; see Aviles Motion at 4, and he is not entitled to compensatory and punitive damages under 42 U.S.C. § 1997e(e)

---

[4] In considering a motion to dismiss, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the Complaint and may differ from those that ultimately can be proved. Additionally, because this matter is before the Court on motions to dismiss filed by Tate and Aviles, the Court's recitation of the facts will focus on Jean-Ewoll's allegations as to these Defendants.

[5] Defendants' motions are strikingly similar.

5

because he has not alleged any physical injuries resulting from Defendants' acts and/or omissions, see Tate Motion at 4-5; see Aviles Motion at 4, 7-8. Additionally, Defendant Aviles asserts that Jean-Ewoll fails to state an Eighth Amendment claim against him. See Aviles Motion at 4-6. In response to Defendants' Motions, Jean-Ewoll asserts that the Florida Department of Corrections created "roadblocks" over the past forty days at Walton Correctional Institution, such as the denial of timely access to the law library and deprivation of his personal property. Response at 1-2. He also states that he did not receive the Court's December 14, 2018 Order until December 27th, and thus only had twenty-four hours to respond. See id. at 2. On January 7, 2019, Jean-Ewoll filed a Motion to Accept As Timely Filed His Response to Defendants Tate and Aviles' Motions to Dismiss (Motion to Accept Response II; Doc. 42). In the Motion to Accept Response II, he attaches a declaration and describes why he was unable to timely file an adequate response. The Court will grant his Motion to Accept Response II, and accept his Response II as timely filed.

### V. Discussion

#### A. Plaintiff's Responses (Docs. 40, 41)

The Court initially advised Plaintiff to file a response within forty-five days if Defendants filed a motion to dismiss. See Order (Doc. 5), filed September 26, 2017. When Defendants filed Motions in June 2018, and Plaintiff failed to file a response or

6

request additional time within which to do so, the Court directed him, by September 26, 2018, to file a response to the Motions and show cause why this case should not be dismissed for his failure to comply with the Court's Order (Doc. 5). See Order to Show Cause (Doc. 34), filed August 28, 2018. Over the next several months, Plaintiff sought additional time to respond, see Docs. 35, 38, and the Court granted his requests, see Docs. 36, 39. In Plaintiff's "Last Motion for an Extension of Time" (Doc. 38), he requested a deadline of December 18, 2018. With the impending deadline approaching, the Court granted him until December 28th to file a response, and advised him that the Court would not look favorably on future requests to extend the deadline. See Order (Doc. 39). Given the record, the Court finds that Plaintiff has had adequate time to respond to Defendants' June 2018 Motions. Nevertheless, the Court will accept his Response II as timely filed.

**B. Declaratory and Injunctive Relief**

In the Motions, Defendants maintain that Jean-Ewoll's requests for declaratory and injunctive relief are improper. See Tate Motion at 4; see Aviles Motion at 4. In the Complaint, Jean-Ewoll seeks a declaratory judgment that states the Defendants violated his Eighth Amendment right when Tate starved him by denying him meals, and when Aviles failed to provide medical care. See Complaint at 10. Additionally, he requests that the Court direct the health services director of the prison's medical provider to arrange for "a

qualified physician" to examine him, and provide the physician's recommended treatment. Id.

The general rule in this circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief. Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986) (per curiam). The rationale underlying this rule is that injunctive relief is "a prospective remedy, intended to prevent future injuries," Adler v. Duval Cnty. Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1997), and, as a result, once the prisoner has been released or transferred, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained. See Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) (stating that a prisoner's past exposure to sub-par conditions in a prison "does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects"). Thus, Jean-Ewoll's claims for declaratory and injunctive relief relating to any sub-par conditions in UCI's SHOS fail to present a case or controversy since he is now incarcerated at Walton Correctional Institution.[6] Accordingly, Defendants' Motions are due to be granted as to Jean-Ewoll's requests for declaratory and injunctive relief.

---

[6] See http://www.dc.state.fl.us/offenderSearch (last visited January 7, 2019).

## C. Eighth Amendment Deliberate Indifference

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Additionally, the Eleventh Circuit requires "'an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendants.

The Eleventh Circuit has explained the requirements for an Eighth Amendment violation.

> "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones . . . ." Farmer, 511 U.S. at 832, 114 S.Ct. at 1976 (internal quotation and citation omitted).[7] Thus, in its prohibition of "cruel and unusual punishments," the Eighth Amendment requires that prison officials provide humane conditions of confinement. Id. However, as

---

[7] Farmer v. Brennan, 511 U.S. 825 (1994).

9

> noted above, only those conditions which objectively amount to an "extreme deprivation" violating contemporary standards of decency are subject to Eighth Amendment scrutiny. Hudson, 503 U.S. at 8-9, 112 S.Ct. at 1000.[8] Furthermore, it is only a prison official's subjective deliberate indifference to the substantial risk of serious harm caused by such conditions that gives rise to an Eighth Amendment violation. Farmer, 511 U.S. at 828, 114 S.Ct. at 1974 (quotation and citation omitted); Wilson, 501 U.S. at 303, 111 S.Ct. at 2327.[9]

Thomas v. Bryant, 614 F.3d 1288, 1306-07 (11th Cir. 2010). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (quoting Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)). First, the plaintiff must satisfy the objective component by showing that he had a serious medical need. Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007).

> "A serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (citing Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). In either case, "the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." Id. (citation and internal quotations marks omitted).

---

[8] Hudson v. McMillian, 503 U.S. 1 (1992).

[9] Wilson v. Seiter, 501 U.S. 294 (1991).

Brown, 387 F.3d at 1351.

Next, the plaintiff must satisfy the subjective component, which requires the plaintiff to "allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." Richardson, 598 F.3d at 737 (describing the three components of deliberate indifference as "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence.") (citing Farrow, 320 F.3d at 1245); Lane v. Philbin, 835 F.3d 1302, 1308 (11th Cir. 2016) (setting forth the three components) (citing Farrow, 320 F.3d at 1245).

> In Estelle[10], the Supreme Court established that "deliberate indifference" entails more than mere negligence. Estelle, 429 U.S. at 106, 97 S.Ct. 285; Farmer, 511 U.S. at 835, 114 S.Ct. 1970. The Supreme Court clarified the "deliberate indifference" standard in Farmer by holding that a prison official cannot be found deliberately indifferent under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837, 114 S.Ct. 1970 (emphasis added). In interpreting Farmer and Estelle, this Court explained in McElligott[11] that "deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by

---

[10] Estelle v. Gamble, 429 U.S. 97 (1976).

[11] McElligott v. Foley, 182 F.3d 1248 (11th Cir. 1999).

> conduct that is more than mere negligence." McElligott, 182 F.3d at 1255; Taylor,[12] 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need").

Farrow, 320 F.3d at 1245-46. Notably, the Supreme Court has stated that a plaintiff may demonstrate the deliberate indifference of prison officials by showing that they intentionally interfered with prescribed treatment or intentionally denied access to medical care. See Estelle, 429 U.S. at 104-05.

Defendant Aviles seeks dismissal of Jean-Ewoll's Eighth Amendment claim against him, arguing that Jean-Ewoll fails to provide sufficient facts that would entitle him to relief. See Aviles Motion at 4-6. Viewing the facts in the light most favorable to Jean-Ewoll, as the Court must, the Court is not so convinced. Jean-Ewoll has alleged facts sufficient to state a plausible claim under the Eighth Amendment. In reaching this conclusion, the Court observes that Jean-Ewoll asserts that Aviles denied him proper medical care resulting in severe, long-term gastrointestinal issues. The Court declines to find that these allegations if proven would fail to state a plausible claim for a violation of the Eighth Amendment. As such, Defendant Aviles' Motion is due to be denied as to Jean-Ewoll's Eighth Amendment claims against him.

---

[12] Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000).

## D. Physical Injury Requirement
## 42 U.S.C. § 1997e(e)

Next, the Court turns to Defendants' assertions that Jean-Ewoll is not entitled to compensatory and punitive damages under 42 U.S.C. § 1997e(e) because he has not alleged any physical injuries resulting from Defendants' acts and/or omissions. See Tate Motion at 4-5; see Aviles Motion at 4, 7-8. In Brooks v. Warden, 800 F.3d 1295 (11th Cir. 2015), the Eleventh Circuit Court of Appeals addressed the availability of compensatory and punitive damages as well as nominal damages in suits brought by prisoners under § 1983. The Eleventh Circuit stated:

> [Plaintiff]'s claim, however, is further governed by the Prison Litigation Reform Act of 1995 [(PLRA)], Pub.L. No. 104–134, §§ 802–10, 110 Stat. 1321, 1366–77 (1996). The PLRA places substantial restrictions on the judicial relief that prisoners can seek, with the goal of "reduc[ing] the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Al-Amin v. Smith, 637 F.3d 1192, 1195 (11th Cir. 2011) (quoting Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002)). The section of the Act at issue here, 42 U.S.C. § 1997e(e), reads this way:
>
>> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act....
>
> This Court has held that § 1997e(e) applies to all federal civil actions, including

13

> constitutional claims brought under § 1983. See Harris v. Garner (Harris II), 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)....
>
> In this case, [Plaintiff] did not allege any physical injury . . . . Nevertheless, he sought "compensatory . . . punitive, and nominal damages" from [Defendant]. **Under the statute and our caselaw, an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury.** See Al-Amin, 637 F.3d at 1198 (punitive); Harris v. Garner (Harris I), 190 F.3d 1279, 1286 (11th Cir. 1999) (compensatory), reh'g en banc granted and opinion vacated, 197 F.3d 1059 (11th Cir. 1999), opinion reinstated in relevant part, 216 F.3d 970. However, we have never had the opportunity in a published opinion to settle the availability of nominal damages under the PLRA. We do today, and we hold that nothing in § 1997e(e) prevents a prisoner from recovering nominal damages for a constitutional violation without a showing of physical injury.

Brooks, 800 F.3d at 1307-08 (emphasis added).

To satisfy § 1997e(e), a prisoner must assert physical injury that is more than de minimis, but the injury does not need to be significant. See Thompson v. Sec'y, Fla. Dep't of Corr., 551 F. App'x 555, 557 (11th Cir. 2014) (citation omitted); Dixon v. Toole, 225 F. App'x 797, 799 (11th Cir. 2007). Despite § 1997e(e)'s limitation, successful constitutional claimants who lack a physical injury may still recover nominal damages. See Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003) ("Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury

sufficient to entitle him to compensatory damages."). Further, the Eleventh Circuit has instructed courts to dismiss an inmate's compensatory and punitive damages claims under § 1997e(e) without prejudice to allow an inmate to refile when and if the inmate is released. See Harris v. Garner, 216 F.3d 970, 980 (11th Cir. 2000).

Taking Jean-Ewoll's allegations as to his injuries as true, he asserts physical injuries that are greater than de minimis. The injuries Jean-Ewoll complains about are allegedly the result of Defendant Tate denying him meals, and Defendant Aviles depriving him of urgent medical care. According to Jean-Ewoll, he suffered dehydration, decreased blood sugar, and low blood pressure during the nineteen-day starvation period, and was found unconscious in his confinement cell several times. See Complaint at 7-8. He maintains that his stomach is "severely injured" from the starvation, and he experiences ongoing stomach pain and intolerance to most foods and drinks that are available at the prison. Id. at 8. He states that he often regurgitates after eating, and at times, his vomit is bloody. See id.; Response II at 5.

Here, Jean-Ewoll's alleged injuries, described as intolerable long-term stomach distress, cross § 1997e(e)'s de minimis threshold. See Thompson, 551 F. App'x at 557 n.3 (describing an approach of asking whether the injury would require a free world person to visit an emergency room or doctor) (citing Luong v. Hatt, 979 F. Supp. 481, 486 (N.D. Tex. 1997) ("A physical injury is an

observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks.")). Thus, Defendants' Motions are due to be denied to the extent that the Court finds Jean-Ewoll's request for compensatory and punitive damages is not precluded under § 1997e(e) because he alleges that he suffered physical injuries that are greater than de minimis.

Therefore, it is now

**ORDERED**:

1. Plaintiff's Motion to Accept As Timely Filed His Response to Defendants Tate and Aviles' Motions to Dismiss (Doc. 42) is **GRANTED**, and Plaintiff's Response II (Doc. 41) is accepted as timely filed.

2. Defendant Tate's Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted (Doc. 32) and Defendant Aviles' Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted (Doc. 33) are **GRANTED** as to Jean-Ewoll's requests for declaratory and injunctive relief. All requests for declaratory and injunctive relief are **DISMISSED**. The remaining portions of the Motions are **DENIED**.

3. Defendants Tate and Aviles, no later than **February 15, 2019**, must answer or otherwise respond to the Complaint.

4. The parties shall conduct discovery so the due date of any discovery requested is no later than **May 16, 2019**. Any motions relating to discovery shall be filed by **May 28, 2019.**

5. All motions to dismiss and/or for summary judgment must be filed by **July 3, 2019.**[13] This deadline is also applicable to the filing of any motions or the raising of any affirmative defenses based on qualified immunity.

6. Responses to any motions to dismiss and/or for summary judgment must be filed by **August 15, 2019.**

7. The parties are encouraged to discuss the possibility of settlement and notify the Court if their efforts are successful. In doing so, Plaintiff and Defendants are encouraged to maintain a realistic approach in making and/or considering any settlement offers. If the parties are unable to settle the case privately, and want a Magistrate Judge to conduct a settlement conference, they should notify the Court.

8. As to the taking of Plaintiff's deposition, if necessary, the Court grants permission to Defendants' counsel. Defendants' counsel must contact the Warden of Plaintiff's institution to arrange an appropriate time and place for the deposition.

---

[13] The Court requires the complete transcript of any deposition submitted as an exhibit.

9. The Court expects strict compliance with the Court's deadlines.[14]

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of January, 2019.

MARCIA MORALES HOWARD
United States District Judge

sc 1/9
c:
Jean-Denis Jean-Ewoll, FDOC #J34720
Counsel of Record

---

[14] In light of Plaintiff's history in this case, the Court strongly warns that Court deadlines are not to be disregarded, and failure to comply with them may result in a dismissal of claims for failure to prosecute.